# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN MOORE,

        Petitioner,                                             Case Number: 2:07-CV-13028

v.                                                                 HONORABLE PAUL D. BORMAN

THOMAS K. BELL,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner John Moore is currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan. He has filed a *pro se* petition for a writ of habeas corpus. For the reasons set forth below, the Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

In the pending petition, Petitioner challenges convictions for one count of breaking and entering an occupied dwelling, and two counts of unarmed robbery, rendered in Oakland County Circuit Court. On December 1, 1994, Petitioner was sentenced to eight to fifteen years imprisonment.

---

[1]     28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

On January 22, 2002, Petitioner filed a habeas corpus petition in the United States District Court for the Western District of Michigan challenging the same convictions challenged in the pending petition. The District Court dismissed the petition with prejudice because it was not timely filed. *See* Moore v. State of Michigan, No. 2:02-cv-16 (W.D. Mich. March 21, 2002) (Enslen, J.). The Sixth Circuit Court of Appeals has held that when a habeas corpus petition is dismissed based on a procedural bar, such a dismissal is a dismissal "on the merits." In re Cook, 215 F. 3d 606, 607 (6th Cir. 2000). *Accord* Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) (holding that a dismissal of a suit as untimely is a dismissal on the merits). Therefore, Petitioner's prior habeas petition, which was dismissed as untimely, was a dismissal on the merits.

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 30, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 30, 2007.

                                              s/Denise Goodine
                                              Case Manager