**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN MOORE,

        Petitioner,                   Case Number: 2:07-CV-13028

v.                                     HONORABLE PAUL D. BORMAN

THOMAS K. BELL,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S "MOTION FOR REHEARING AND RECONSIDERATION, MOTION TO REMAND, AND TO STOP TRANSFER[] STAY OF EXECUTION, ABEYANCE"

Petitioner John Moore filed a *pro se* petition for a writ of habeas corpus challenging his convictions for one count of breaking and entering an occupied dwelling, and two counts of unarmed robbery, rendered in Oakland County Circuit Court. The Court held that it was a successive habeas corpus petition and, therefore, ordered it transferred to the United States Court of Appeals for the Sixth Circuit. Now before the Court is Petitioner's "Motion for Rehearing and Reconsideration, Motion to Remand, and to Stop Transfer[] Stay of Execution, Abeyance."

Petitioner asks the Court to reconsider its order of transfer to the Court of Appeals and to stay the transfer. The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different a disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. <u>Marketing Displays, Inc. v. Traffix Devices, Inc.</u>, 971 F. Supp. 262, 278 (E.D. Mich. 1997), *citing* Webster's New World Dictionary 974 (3rd Ed. 1988). Further, the Local Rules also provide that any "motions for rehearing or reconsideration that

merely present the same issues ruled upon by the court, either expressly or by reasonable implication," shall not be granted. L.R. 7.1(g)(3).

Petitioner's argument in support of reconsideration is confused. It appears that he seeks reconsideration and a stay on the grounds that his first petition, which was dismissed as untimely, was actually timely filed and that he has diligently pursued his rights in both the state and federal courts. These arguments simply present the same arguments already addressed in the Court's order transferring the petition to the Court of Appeals. Petitioner has not demonstrated that a palpable defect occurred in this Court's decision. Therefore, this Court shall deny Petitioner's Motion for failing to demonstrate a palpable defect which, if corrected, would result in a different disposition of the motion.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Rehearing and Reconsideration, Motion to Remand, and to Stop Transfer[] Stay of Execution, Abeyance" [dkt. #6] is **DENIED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 26, 2008.


s/Denise Goodine
Case Manager